[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
Upon considering the motion of defendant Hartford Hospital to preclude all questioning of its former employees, Dr. Daniel Press and Nurse Maureen Dunn, as to their conversations with defense counsel concerning the subject matter of the above-captioned case, the Court hereby ORDERS:
1. That the plaintiff and her attorney are forbidden from questioning either former employee concerning the substance of any communication he or she has had or may have with defense counsel concerning the subject matter of this case. The Court concludes that such an order is necessary and appropriate since: (a) communications between defense counsel and Dr. Press and/or Nurse Dunn are protected by the attorney-client privilege because both former employees are persons whose "acts or omissions in connection with this matter may be imputed to [the defendant Hospital] . . . for purposes of civil liability [;]" Comment, Rules of Professional Conduct § 4.2; and (b) the forced revelation of any such communication would therefore invade the attorney-client privilege. LeFaire v.DiLoreto, 2 Conn. App. 58, 65 (1984).
2. Notwithstanding the foregoing prohibition, the plaintiff and her counsel may question either former employee as to: (a) the fact of any pre-testimony consultation with defense counsel; (b) the substance of any documents or materials other than those containing legal CT Page 2299 advice or discussion of case strategy which the former employee has reviewed prior to testifying; and (c) the existence of any agreements, understandings or other arrangements between the defendant hospital and the witness that may give such witness any incentive to shade his or her testimony in favor of the defendant hospital in this case. Such inquiries will be permitted to enable the plaintiff and her counsel to discover non-privileged, potentially admissible information with which to challenge the credibility of either witness and/or the reiliability of his or her expected testimony. See Chambers v. CapitalCities/ABC, 159 F.R.D. 441, 443 (1995).
So ordered this 12th day of March 1996.
Michael R. Sheldon, J.